UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PREDRAG JOVANOVIC,<br><br>Defendant. | Criminal Action No. 25-15 (BAH)<br><br>Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

The United States government moves to dismiss, with prejudice, the six-count Indictment, ECF No. 18, against defendant Predrag Jovanovic.  Govt's Mot. to Dismiss Indictment with Prejudice Pursuant to Federal Rule Criminal Procedure 48(a) ("Govt's MTD"), ECF No. 21.  For the reasons explained below, the government's motion is granted in part and denied in part, and the pending indictment against defendant is dismissed without prejudice.

**I.     BACKGROUND**

Defendant was indicted by a grand jury on six counts—two felonies and four misdemeanors—alleging that he engaged in serious criminal conduct on January 6, 2021, including assaulting law enforcement officers.  *See* Indictment.  Based on an investigation conducted by the Federal Bureau of Investigation (FBI) and analysis of photographic and videotape recordings from the attack on U.S. Capitol building on January 6, 2021 defendant is alleged to have entered the Capitol, after ascending scaffolding on the northwest side of the building, Complaint, Statement of Facts ("SOF") at 4-5, ECF No. 1-1; entered the Lower West Terrace Tunnel, *id.* at 5-6; rushed a line of police officers, who were inside the tunnel blocking the entrance into the building, *id.* at 6; and forced open a door thereby allowing rioters to break the police line and leading to a prolonged scuffle between defendant and the officers, *id.* at 7.  During

the next fifteen minutes in which defendant remained in the Tunnel, defendant is alleged to have pushed directly against one officer's riot shield and grabbed an officer's baton, pulling on it to drag that officer toward the mob. *Id.* at 7-8. Defendant was eventually driven out of the tunnel by chemical spray deployed against the rioters. *Id.* at 8. He nevertheless allegedly remained in the restricted area of the Capitol, even later returning to the area near the tunnel, until the grounds were cleared by officers using tear gas. *Id.* at 10-12.

As a result, defendant was charged with obstructing, impeding, or interfering with law enforcement during a civil disorder, in violation of 18 U.S.C. § 231(a)(3); forcibly assaulting, resisting, or opposing an officer engaged in the performance of official duties, in violation of 18 U.S.C. § 111(a)(1); knowingly entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); knowingly and with intent to impede or disrupt government business, engaging in disorderly and disruptive conduct on restricted grounds (and actually disrupting government business), in violation of 18 U.S.C. § 1752(a)(2); willfully and knowingly engaging in disorderly and disruptive conduct within the Capitol Building and grounds with the intent to impede or disrupt a session of Congress, in violation of 40 U.S.C. § 5104(e)(2)(D); and willfully and knowingly obstructing and impeding passage through and within the Capitol grounds and any Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(E). *See* Indictment.

Less than a week after the filing of the indictment, the government now seeks its dismissal under Federal Rule of Criminal Procedure 48(a). *See* Indictment; Govt's MTD.

## II.   DISCUSSION

Courts have limited power when the federal government decides to stop prosecuting a criminal defendant. *See, e.g.*, *Wayte v. United States*, 470 U.S. 598, 607-08 (1985) (recognizing the government's broad prosecutorial discretion); *United States v. Fokker Servs. B.V.*, 818 F.3d

2

733, 742 (D.C. Cir. 2016) (recognizing same prosecutorial discretion in "decisions to dismiss pending criminal charges"). At the same time, the Supreme Court and D.C. Circuit have both recognized that the "leave of court" requirement in Rule 48(a) "obviously vest[s] some discretion in the court." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (noting that this rule "gives the court a role in dismissals following indictment"). This discretion is granted in part to "guard[] against abuse of prosecutorial discretion." *Ammidown*, 497 F.2d at 620. To ensure that the government's request for dismissal of criminal charges "sufficiently protects the public," the government may be required to submit "a statement of reasons and underlying factual basis," which must be "substantial" to justify the dismissal and not "a mere conclusory statement." *Id.*

Here, the government's cursory motion provides *no* factual basis for dismissal. Instead, the single paragraph explanation included in the one-page dismissal motion cites "as the reason for this dismissal," only a presidential proclamation "dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021." Govt's MTD at 1. This cited proclamation, *inter alia*, directs the Attorney General "to pursue [the] dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021." *See* PROCLAMATION, (Jan. 20, 2025) (capitalization in original), available at https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/. The only reason provided for this instruction, as set out in the Proclamation's introduction, is the assertion that this action "ends a grave national injustice that

3

has been perpetrated upon the American people over the last four years and begins a process of national reconciliation." *Id.*

No "national injustice" occurred here, just as no outcome-determinative election fraud occurred in the 2020 presidential election. No "process of national reconciliation" can begin when sore losers, whose preferred candidate loses an election, are glorified for disrupting a constitutionally mandated proceeding in Congress and doing so with impunity. That merely raises the dangerous specter of future lawless conduct by other sore losers and undermines the rule of law. Yet, this presidential pronouncement of a "national injustice" is the sole justification provided in the government's motion to dismiss the pending indictment. *See* Govt's MTD.

Having presided over scores of criminal cases charging defendants for their criminal conduct both outside and inside the U.S. Capitol Building on January 6, 2021, which charges were fully supported by evidence in the form of extensive videotapes and photographs, admissions by defendants in the course of plea hearings and in testimony at trials, and the testimony of law enforcement officers and congressional staff present at the Capitol on that day, this Court cannot let stand the revisionist myth relayed in this presidential pronouncement. The prosecutions in this case and others charging defendants for their criminal conduct at the U.S. Capitol on January 6, 2021, present no injustice, but instead reflect the diligent work of conscientious public servants, including prosecutors and law enforcement officials, and dedicated defense attorneys, to defend our democracy and rights and preserve our long tradition of peaceful transfers of power—which, until January 6, 2021, served as a model to the world—all while affording those charged every protection guaranteed by our Constitution and the criminal justice system. Bluntly put, the assertion offered in the presidential pronouncement for the pending motion to dismiss is flatly wrong.

Still, the D.C. Circuit has cautioned that a district court judge has "no power" "to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority." *Fokker*, 818 F.3d at 742; *id.* at 737 ("It has long been settled that the Judiciary generally lacks authority to second-guess those Executive determinations, much less to impose its own charging preferences."). Despite finding that the sole reason relied upon by the government to dismiss the charges in this case—*i.e.*, an incorrect assertion in the presidential proclamation—is neither substantial nor factually correct, the government's view of the public interest does not clearly fall within the types of reasons found to provide legitimate grounds to deny the government Rule 48(a) motion to dismiss charges. *See United States v. Flynn*, 507 F. Supp. 3d 116, 130-31 (D.D.C. 2020) (collecting examples where a government motion to dismiss should be denied as not serving "legitimate prosecutorial interests," because the motion "was a sham or deception," "was based on 'acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled,'" or was meant to favor "politically well-connected individuals" (citations omitted)). Therefore, the government's motion to dismiss the indictment is GRANTED.

Nothing about the government's reasoning for dismissal warrants entry of dismissal with prejudice, however. Dismissal with prejudice is a complete adjudication of the matter and would bar any further prosecution of defendant for his offense conduct at issue. *See Brown v. Amtrak Corp.*, No. 03-7003, 2003 WL 22433755, at *1 (D.C. Cir. Oct. 27, 2023) ("A dismissal 'with prejudice' is a final judgment on the merits which bars further litigation between the same parties." (citing *Bd. of Trs. of the Hotel & Rest. Emps. Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1489 n.20 (D.C. Cir. 1996))); *Reed v. Farley*, 512 U.S. 339, 368 (1994) (Blackmun, J., dissenting) ("The dismissal with prejudice of criminal charges is a remedy rarely seen in criminal law, even

for constitutional violations."). This result would be improper here, particularly given the strength of the evidence supporting allegations that this defendant violently struggled to break a police line blocking entry into the Capitol, which evidence provides ample basis for criminal prosecution. *See also Thorp v. District of Columbia*, 142 F. Supp. 3d 132, 145 (D.D.C. 2015) (noting that dismissal with prejudice "reflect[s] on the merits of the underlying action" (quoting *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. Cir. 1986), and citing *Kenley v. District of Columbia*, 83 F. Supp. 3d 20, 42 (D.D.C. 2015)). Instead, the government's reliance on a policy assertion made in the presidential proclamation that such prosecutions should not be continued warrants only "render[ing] the proceedings a nullity and leav[ing] the parties as if the action had never been brought," *Magliore v. Brooks*, 844 F. Supp. 2d 38, 46 (D.D.C. 2012) (quoting *Thoubboron v. Ford Motor Co.*, 809 A.2d 1204, 1210 (D.C. Ct. App. 2002)), which is achieved by granting the government's motion to dismiss *without* prejudice, *see id.*

### III. CONCLUSION AND ORDER

For the reasons above, the government's motion to dismiss, ECF No. 21, is granted to the extent that the Indictment, ECF No. 18, against defendant is dismissed, but denied as to the request that this dismissal be "with prejudice." Accordingly, it is hereby—

**ORDERED** that Indictment against defendant, ECF No. 18, is dismissed without prejudice; it is further

**ORDERED** that the status conference scheduled for January 24, 2025, is **VACATED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

Date: January 22, 2025

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**BERYL A. HOWELL**
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge